UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LOCAL 513, INTERNATIONAL UNION OF OPERATING ENGINEERS, AFL-CIO, TIMOTHY J. SAPPINGTON, IN HIS REPRESENTATIVE CAPACITY AS PRESIDENT AND BUSINESS MANAGER, LOCAL UNION 513 PENSION FUND, LOCAL UNION 513 HEALTH AND WELFARE FUND, LOCAL UNION 513 VACATION FUND, LOCAL UNION 513 ANNUITY FUND, LOCAL UNION 513 JOINT APPRENTICESHIP TRAINING FUND, TIMOTHY J. SAPPINGTON, IN HIS CAPACITY AS CHAIRMAN OF THE BOARD OF TRUSTEES OF SAID FUNDS, INTERNATIONAL UNION OF OPERATING ENGINEERS NATIONAL TRAINING FUND, and JAMES T. CALLAHAN, IN HIS CAPACITY AS CO-CHAIRMAN OF SAID FUND, <br><br>    Plaintiffs, <br><br> v. <br><br> R & K EXCAVATION, INC., ROGER P. FAULKNER, IN HIS INDIVIDUAL CAPACITY, and MARILYN FAULKNER, IN HER INDIVIDUAL CAPACITY, <br><br>    Defendants. | Case No. |

## COMPLAINT

COME NOW Plaintiffs, by and through undersigned Counsel, and for their Complaint against Defendants, and state as follows:

### Parties

1. Plaintiff Local 513, International Union of Operating Engineers, AFL-CIO (hereinafter "Local No. 513") is a voluntary unincorporated association existing pursuant to the laws of the State of Missouri, is an "employee organization" within the meaning of Section 3(4)

of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"), as amended, 29 U.S.C. §1002(4), and is a labor organization within the meaning of Section 2(5) of the National Labor Relations (hereinafter "NLRA"), as amended, 29 U.S.C. § 152(5), representing employees in an industry affecting commerce within the meaning of Section 301 of the Labor Management Relations Act of 947 (hereinafter "LMRA"), 29 U.S.C. § 185. Plaintiff Timothy J. Sappington (hereinafter "Plaintiff Sappington") is the duly authorized representative of Local No. 513 and is authorized to bring this cause of action in his representative capacity.

2. Plaintiff Local Union 513 Pension Fund (hereinafter "Pension Fund") is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of ERISA, 29 U.S.C. §§1002(1), (3), 1132 and 1145. Plaintiff Sappington is the Chairman and duly designated Trustee of the Pension Fund and is a fiduciary within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§1002(21)(A) and 1132. Plaintiff Sappington is authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3), to enforce the terms of an ERISA plan.

3. Plaintiff Local Union 513 Health and Welfare Fund (hereinafter "Welfare Fund") is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of ERISA, 29 U.S.C. §§1002(1), (3), 1132 and 1145. Plaintiff Sappington is the Chairman and duly designated Trustee of the Welfare Fund and is a fiduciary within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§1002(21)(A) and 1132. Plaintiff Sappington is authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3), to enforce the terms of an ERISA plan.

4. Plaintiff Local Union 513 Annuity Fund (hereinafter "Annuity Fund") is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of ERISA, 29

U.S.C. §§1002(1), (3), 1132 and 1145. Plaintiff Sappington is the Chairman and duly designated Trustee of the Annuity Fund and is a fiduciary within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§1002(21)(A) and 1132. Plaintiff Sappington is authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3), to enforce the terms of an ERISA plan.

5. Plaintiff Local Union 513 Joint Apprenticeship Training Fund (hereinafter "JATF Fund") is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of ERISA, 29 U.S.C. §§1002(1), (3), 1132 and 1145. Plaintiff Sappington is the Chairman and duly designated Trustee of the JATF Fund and is a fiduciary within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§1002(21)(A) and 1132. Plaintiff Sappington is authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3), to enforce the terms of an ERISA plan.

6. Plaintiff Local 513 Vacation Fund (hereinafter "Vacation Fund") is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of ERISA, 29 U.S.C. §§1002(1), (3), 1132 and 1145. Plaintiff Sappington is the Chairman and duly designated Trustee of the Vacation Fund and is a fiduciary within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§1002(21)(A) and 1132. Plaintiff Sappington is authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3), to enforce the terms of an ERISA plan.

7. Plaintiff International Union of Operating Engineers National Training Fund (hereinafter "National Training Fund") is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of ERISA, 29 U.S.C. §§1002(1), (3), 1132 and 1145. Plaintiff James T. Callahan is the Co-Chairman and duly designated Trustee of the National Training Fund and is a

fiduciary within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§1002(21)(A) and 1132. Plaintiff Callahan is authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3), to enforce the terms of an ERISA plan.

8. Together, the foregoing Pension Fund, Health and Welfare Fund, Annuity Fund, Joint Apprenticeship Training Fund, Vacation Fund, and National Training Fund shall be referred to as the "Plaintiff Funds."

9. Defendant R & K Excavation, Inc. (hereinafter "Defendant") is a Missouri corporation with a Registered Agent listed with the Missouri Secretary of State as Roger Faulkner at 10170 State Route OO, Bloomsdale, MO 63627.

10. Defendant is, was and at all times relevant to this action has been an employer in an industry affecting commerce within the meaning of Sections 3(5), (11), (12) and 515 of ERISA, as amended, 29 U.S.C. §§1002(5), (11), (12) and 1145, and of § 301 of the LMRA, 29 U.S.C. § 185.

11. Defendant Roger P. Faulkner is a natural person who may be found at 1487 US Highway 61, Ste A, PO Box 639, Festus, MO 63028 married to defendant Marilyn Faulkner.

12. Defendant Marilyn Faulkner is a natural person who may be found at 1487 US Highway 61, Ste A, PO Box 639, Festus, MO 63028 married to defendant Roger P. Faulkner.

## Jurisdiction and Venue

13. This Court has jurisdiction over this matter by virtue of Sections 502(a)(3), 502(e)(1), 502(f), and 515 of ERISA, as amended, 29 U.S.C. §§ 1132(a)(3), 1132(e)(1), 1132(f), and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185 in that Plaintiff Sappington and Plaintiff Callahan are fiduciaries who seek to enforce the provisions of the Trust documents establishing

4

the Plaintiff Funds, and the Union is suing for violations of its Collective Bargaining Agreement or Agreements with Defendant.

14. The Court has personal jurisdiction over Defendant, pursuant to ERISA Section 502(e), 29 U.S.C. §1132(e) and Section 301 of the LMRA, 29 U.S.C. § 185(c).

15. Venue is proper pursuant to ERISA Section 502(e)(2), 29 U.S.C. §1132(e)(2), and Section 301 of the LMRA, 29 U.S.C. § 185(a) in that the Plaintiff Funds are administered within the jurisdiction of this Court, it is the venue in which the breach took place, and because Local No. 513 maintains its principal office within the jurisdiction of this Court.

16. Jurisdiction and venue over Defendants Roger P. Faulkner and Marilyn Faulkner are conferred upon this Court by its privilege of supplemental jurisdiction under 28 U.S.C. § 1367, <u>United Mine Workers of America v. Gibbs</u>, 383 U.S. 715 (1966).

**Facts**

17. At all times relevant to this Complaint, Defendant, was and has been signatory to a and/or otherwise bound to a Collective Bargaining Agreement (the "Agreement") with Local No. 513.

18. At all times relevant to this Complaint, Defendant was and has been signatory to a Participation Agreement obligating itself to the terms and conditions of certain Trust Documents adopted by the Trustees of the Plaintiff Funds and establishing the Plaintiff Funds.

19. The Agreement and/or Trust Documents impose certain payment and reporting obligations upon signatory contractors, including Defendant.

20. The Agreement and/or Trust Documents require Defendant to timely submit reports of hours worked by its employees covered by the Agreement, along with financial contributions.

5

21. Signatory contractors, including Defendant, are required to submit reports of hours worked by covered employees, with payment, by the 20th of each month for the prior month's work.

22. The Agreement and/or Trust Documents provide that in the event a signatory contractor fails to submit timely reports of hours or timely payments, the contractor shall be liable for liquidated damages in the amount of twenty percent (20%) of contributions due.

23. The Agreement and/or Trust Documents further provide that in the event of litigation to recover a delinquency, the contractor shall be liable for the costs of collection, including court costs, interest and attorneys' fees.

24. Despite its obligations as set forth herein, Defendant has become delinquent to Plaintiff Funds in an unknown amount of principal and liquidated damages.

25. Defendant, however, is believed not to have fully, accurately and completely reported its fringe benefit obligations to the Plaintiff Funds for an extended period and the full amount of its liability is therefore unknown.

26. Pursuant to ERISA Section 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E), Plaintiffs are entitled to appropriate equitable relief.

## **COUNT I – R & K EXCAVATION, INC.**

27. Despite its obligations as set forth herein, Defendant has become delinquent to the Plaintiff Funds in an amount believed to be at least $102,110.36 in principal contributions owed and $20,422.07 in liquidated damages.

28. Defendant, however, is believed not to have fully, accurately and completely reported its fringe benefit obligation to the Plaintiff Funds for an extended period of time and the full amount of its liability is therefore unknown.

29. Pursuant to ERISA Section 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E), Plaintiffs are entitled to appropriate equitable relief.

30. Since the full amount of contributions due is not known, Plaintiffs lack an adequate remedy at law and are suffering and will continue to suffer immediate, continuing and irreconcilable injury and damage unless Defendant is ordered to specifically perform all its obligations required under the Agreement and Trust Documents, to submit its records to an audit and to pay required contributions and ancillary amounts to the Plaintiff Funds.

31. As a result of Defendant's failure to make these required contributions, Plaintiffs have been harmed.

WHEREFORE, Plaintiffs pray that the Court:

a. Enter Judgment for Plaintiffs and against Defendant;

b. Enter an Order awarding Plaintiffs all delinquent contributions due and owing, in an amount at least $102,110.36 in principal contributions, $20,422.07 in liquidated damages, subject to proof;

c. Enter an interlocutory order requiring Defendant to submit its records to an audit, and further, that Defendant reimburse Plaintiffs the cost of said audit;

d. Enter an order awarding additional contributions determined to be due and owing pursuant to the audit;

e. Enter an order awarding Plaintiffs appropriate pre-judgment interest from the due date of all delinquent contributions to the date of judgment;

f. Enter an order awarding Plaintiffs their attorneys' fees, auditing fees, accounting fees, expert fees and other costs;

g. Enter an Order awarding Plaintiffs appropriate post-judgment interest; and

    h.       Enter orders for such further relief as the Court deems proper in the premises.

## COUNT II – R & K EXCAVATION, INC., ROGER P. FAULKNER and MARILYN FAULKNER – SETTLEMENT AGREEMENT BREACH

COME NOW Plaintiffs, and for their cause of action against Defendant R & K Excavation, Inc, Roger P. Faulkner, individually, and Marilyn Faulkner, individually and state as follows:

32.     This action arises out of the same common nucleus of facts previously pled in Count I and is herewith joined under the provisions of U.S.C. Title 28 and Fed.R.Civ.P. 18(a).

33.     The Plaintiffs reallege paragraphs 1-32 as if fully stated herein.

34.     On or about June 2, 2016 Defendant, and Defendants Roger P. Faulkner, individually, and Marilyn Faulkner, individually (together referred to in this Count as "Defendants") and Plaintiffs entered into a Settlement Agreement (referred to as the "2016 Agreement").

35.     The 2016 Agreement required Defendants pay $160,126.68 in principal contributions owed to Plaintiffs under a payment plan requiring monthly installments from June 15, 2016, through November 15, 2023.

36.     Defendants agreed to accurately and timely report and remit monthly accruing contributions to Plaintiffs for the duration of the 2016 Agreement.

37.     The 2016 Agreement held in abeyance an additional $32,025.34 in liquidated damages Defendant owed to Plaintiffs along with accrued attorneys' fees and costs during faithful performance of the 2016 Agreement.

38.     Defendants breached the 2016 Agreement by failing to accurately and timely report monthly accruing contributions owed to Plaintiffs.

39.     Defendants breached the 2016 Agreement by failing to accurately and timely remit monthly accruing contributions owed to Plaintiffs.

40. Defendants breached the 2016 Agreement and are jointly and severally liable for the unpaid principal under the 2016 Agreement in an amount of $3,884.41, liquidated damages held in abeyance in an amount of $32,025.34, and the costs of pursuing this collection including attorneys' fees and costs subject to proof.

WHEREFORE, Plaintiffs pray that the Court:

a. Enter Judgment for Plaintiffs and jointly and severally against Defendants R&K Excavation, Inc., Roger P. Faulkner, individually, and Marilyn Faulkner, individually.;

b. Enter an Order awarding Plaintiffs all damages owed under the 2016 Agreement, in an amount at least $3,884.41 in principal contributions owed, and $32,025.34 in liquidated damaged held in abeyance, subject to proof;

c. Enter an order awarding Plaintiffs appropriate pre-judgment interest from the due date to the date of judgment;

d. Enter an order awarding Plaintiffs their attorneys' fees, and other costs;

e. Enter an Order awarding Plaintiffs appropriate post-judgment interest; and

f. Enter orders for such further relief as the Court deems proper in the premises.

Respectfully submitted,

HARTNETT REYES-JONES, L.L.C

/s/ Daniel J. Bryar
JAMES P. FAUL, No. 58799MO
DANIEL J. BRYAR, 71815MO
4399 Laclede Avenue
St. Louis, Missouri 63108
314-531-1054
314-531-1131 facsimile
dbryar@hrjlaw.com
jfaul@hrllaw.com
Attorneys for Plaintiffs

9